**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHIQUITA HULL, | ) | **BANKRUPTCY CASE NO.  23-13747** |
| | ) | |
| DEBTOR, | ) | |
| | ) | |
| | ) | **ADVERSARY PROCEEDING NO. 24-00012** |
| IDA MAE WILLIAMS, | ) | |
| | ) | |
| PLAINTIFF, | ) | **CHAPTER 7** |
| | ) | |
| VS. | ) | |
| | ) | |
| CHIQUITA D. HULL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Defendant, Chiquita D. Hull, answers the complaint for non-dischargeability of debt filed

by Plaintiff, Ida Mae Williams, as follows:

1. Defendant admits the allegations in paragraph number one.

2. Defendant admits the allegations in paragraph number two.

3. Defendant admits the allegations in paragraph number three.

4. Defendant admits the allegations in paragraph number four.

5. Defendant admits that in connection with the lease of the aforementioned residence

to Plaintiff, Defendant received a security deposit for Plaintiff as set forth and described in

the RLTO in the total amount of $950.00, Defendant denies that the deposit was held

from the date of tender to the present date.

6.  Defendant neither admits nor denies that the tenancy of Plaintiff lasted more than a decade, during which time no security deposit interest was ever paid or credited to Plaintiff, lacking sufficient information and belief, however, Defendant demands strict proof thereof.  Defendant admits that she did not provide Plaintiff with any itemizations of any deduction for alleged damages from her security deposit within 30 days of the July 1, 2018, end of Plaintiff's tenancy.  Defendant admits that she did not advise Plaintiff of the name and address of the financial institution in which Plaintiff's security deposit was held.  Defendant denies that the same was in violation of 5-12-080 (a) (3) of the RLTO.

7.  Defendant admits that none of Plaintiff's security deposit was ever returned to her. Defendant denies that the same was in violation of 5-12-080 (d) of the RLTO. Defendant neither admits nor denies that no statutorily required security deposit interest was ever paid to Plaintiff during her tenancy, lacking sufficient information and belief, however, Defendant demands strict proof thereof. Defendant admits that no security deposit interest was ever paid to Plaintiff after she vacated the premises.  Defendant denies that the same was in violation of 5-12-080 (c) and (d) of the RLTO.

8.  Defendant admits that she failed to return to Plaintiff her security deposit funds with 45 days of July 1, 2018.  Defendant denies that the same was in violation of 5-12-080 (d) of the RLTO.

9.  Defendant admits the allegations in paragraph number 9.

10. Defendant admits the allegations in paragraph number 10.

11. Defendant neither admits nor denies that a claim on behalf of Plaintiff exists in the amount of $9,651.92, lacking sufficient information and belief, however, Defendant demands strict proof thereof. Defendant neither admits nor denies that Plaintiff's interest and additional attorney's fees are due and claimed pursuant to Trutin v. Adam, 2016 Il. App (1ˢᵗ) 142853, lacking sufficient information and belief, however, Defendant demands strict proof thereof. Defendant neither admits nor denies that Plaintiff has not filed Claim in these proceedings, pursuant to the Notice of the Court, dated October 16, 2023, Defendant, lacking sufficient information and belief.

12.  Defendant denies that allegations of paragraph number 12.

13. Defendant denies that allegations of paragraph number 13.

14.  Defendant denies that allegations of paragraph number 14.

FURTHER, as separate affirmative defense, to each and every claim for relief of the Complaint, this Answering Defendant is informed and believes, and on such information and belief, alleges as follows:

AFFIRMATIVE DEFENSE

FAILURE TO STATE CAUSE OF ACTION

As an Affirmative Defense to each claim for relief of the Complaint, this Answering Defendant alleges that Plaintiff's Complaint and each claim for relief contained therein fails to state facts sufficient to constitute a claim for relief in that:

15.  In order to except debt from discharge on basis of "actual fraud," creditor must establish (1) that a fraud occurred; (2) that debtor intended to defraud, and (3) that this fraud created the debt that is the subject of dischargeability dispute. 11 U.S.C.A. § 523(a)(2)(A).

16.. Defendant asserts that Plaintiff has not satisfied her burden of proof of the discharge exception by a preponderance of the evidence.

17. Defendant asserts that Plaintiff has not established that a fraud occurred.

18. Defendant asserts that Plaintiff has not established that the debtor intended to defraud.

19. Defendant asserts that the Plaintiff has not established that this purported fraud created the debt that is the subject of the dischargeability dispute.

20. On May 7, 2018, Defendant purchased the 3-unit apartment building in which Plaintiff had lived for an extensive period of time with the previous owner as the landlord. Plaintiff alleges that her tenancy with the previous owner was more than three decades.

21. Plaintiff states that her tenancy was more than three decades with the previous Owner and as such, the previous Owner-Seller, at closing, did not transmit any information or monies to the Defendant, as to the security deposit interest of the Plaintiff, on May 7, 2018.

22. On May 7, 2018, at the closing transaction, Seller, as previous owner, credited to Defendant, security deposit on behalf of the Plaintiff, in the amount of $950.00. (Exhibit A)

23. The Chicago Residential Landlord & Tenant Ordinance, Section 5-12-080, entitled, Security Deposits states that:

> If no written rental agreement is provided between the landlord and tenant, the landlord shall, within 14 days of receipt of the security deposit, notify the tenant in writing of the name and address of the financial institution where the security deposit was deposited.

24. As there was no written rental agreement between the parties, Defendant erred when she failed to within 14 days of receipt of the security deposit, notify the tenant in

writing of the name and address of the financial institution where the security deposit was deposited. Defendant held the $950.00 security deposit of the Plaintiff for 53 days, from May 7, 2018, to July 5, 2018.

25. Plaintiff moved out from the premises on June 30, 2018.

26. When Plaintiff moved out from the premises, she left behind abandoned rooms full of furniture, furnishings, household goods and debris.

27. It cost the Defendant the sum of $4,618.00 to have a junk removal company remove on July 5, 2018, all of the furniture, furnishings, household goods and debris from the apartment occupied by the Plaintiff, as well as a second unit that is the subject of an associated adversary case herein. (Exhibit B)

28. Plaintiff seeks to establish fraud by the Defendant based upon violations of the Defendant of the Chicago Residential Landlord & Tenant Ordinance, Section 5-12-080, entitled, Security Deposits which states that:

(d)  The landlord shall, within 45 days after the date that the tenant vacates the dwelling unit or within seven days after the date that the tenant provides notice of termination of the rental agreement pursuant to Section 5-12-110(g), return to the tenant the security deposit or any balance thereof and the required interest thereon; provided, however, that the landlord, or successor landlord, may deduct from such security deposit or interest due thereon for the following:

(2)  A reasonable amount necessary to repair any damage caused to the premises by the tenant or any person under the tenant's control or on the premises with the tenant's consent, reasonable wear and tear excluded. In case of such damage, the landlord shall deliver or mail to the last known address of the tenant within 30 days an itemized statement of the damages allegedly caused to the premises and the estimated or actual cost for repairing or replacing each item on that statement, attaching copies of the paid receipts for the repair or replacement. If estimated cost is given, the landlord shall furnish the tenant with copies of paid receipts or a certification of actual costs of repairs of damage if the work was performed by the landlord's employees within 30 days from the date the statement showing estimated cost was furnished to the tenant.

29. According to the Chicago Residential Landlord & Tenant Ordinance, Section 5-12-080, Defendant was within her rights as landlord to deduct from the Plaintiff's security deposit and security deposit interest, the reasonable amount necessary to pay for the removal of the furniture, furnishings, and household goods from the apartment occupied by the Plaintiff, however, Defendant erred when she failed to deliver or mail to the last known address of the Plaintiff within 30 days an itemized statement of the damages allegedly caused to the premises and the estimated or actual cost for removing the rooms full of furniture, furnishings, and household goods left behind by the Plaintiff.

30. Plaintiff moved from the premises without giving to the Defendant any information including address and or telephone number by which to contact said Plaintiff, however, Defendant acknowledges that upon review of the Ordinance she could have sent the itemized statement to the Plaintiff for the debris removal to Plaintiff's last known address, namely, the subject address of 1726 East 86th Street, Apartment 3, Chicago, Illinois 60617.

31. Defendant opines that the reason that the Plaintiff did not provide the Defendant with any forwarding contact information including address and telephone number was due to the condition that Plaintiff had left the premises, leaving behind rooms full of furniture, furnishings, and household goods in the apartment occupied by the Plaintiff for more than three decades.

32. In the Circuit Court of Cook County Case entitled, Ida Mae Williams vs. Chiquita Hull, case number 20201109834, upon which this adversary case is based upon, the Court entered Default Judgment, in the amount of $8,068.06, consisting of statutory damages of

$3800.00, attorney fees of $3,552.50 and costs of $715.56, after Defendant's attorney

failed to file an Answer in said cause of action and then withdrew from his representation

of the Defendant. (Exhibit C) (Exhibit D)

33. The Court never heard the Defendant's defense that the Plaintiff was not entitled to

her $1,050.00 security deposit and or security deposit interest based upon the condition that

Plaintiff had left the premises, leaving behind rooms full of furniture, furnishings,

household goods and debris in the apartment occupied by the Plaintiff for more than a

decade, where as a result the Plaintiff expended the sum of $4,618.00 as removal costs for

the apartment occupied by Plaintiff, and a second unit that is the subject of an associated

adversary case herein.

34. It is a full reach by the Plaintiff now to allege in the Debtor's bankruptcy proceeding

that the failure of the Defendant to provide information to the Plaintiff on where the

Plaintiff's security deposit of $950.00 was being held, and the Defendant's failure to

deliver or mail to the last known address of the Plaintiff within 30 days an itemized

statement of the estimated or actual cost for removing the rooms full of furniture,

furnishings, household goods and debris left behind by the Plaintiff, amounts to the

construction of actual fraud pursuant to the interpretation of 11 U.S.C.A. § 523(a)(2)(A).

35. The Bankruptcy Code provides debtors with a discharge to give honest but

unfortunate debtors a "fresh start". In re Chambers, 348 F. 3d. 650, 653 (7th Cir. 2003).

36. The party objecting to a debtor's discharge bears the burden of proof. Fed. R.

Bankr. P. 4005; Peterson vs Scott, 172 F. 3d 959, 966 (7th Cir. 1999).

37. The objecting party must meet this burden of proof by a preponderance of the

evidence. Peterson vs Scott, 172 F. 3d 966-967 (7th Cir. 1999).

38. To advance the policy of providing a debtor a fresh start, objections to a debtors discharge are to be construed strictly against movants and  liberally in favor of a debtor. In re Juzwiak, 89 F. 3d 424, 427 (7th Cir. 1996)

39. In order to except debt from discharge on basis of "actual fraud," creditor must establish (1) that a fraud occurred; (2) that debtor intended to defraud, and (3) that this fraud created the debt that is the subject of dischargeability dispute. 11 U.S.C.A. § 523(a)(2)(A).   Jahelka, 442 B.R. at 669; Ryan, 408 B.R. at 157; Scarpello, 272 B.R. at 701; Jairath, 259 B.R. at 314.

40. The fraud exception to the dischargeability of debts in bankruptcy does not reach constructive frauds, only actual ones. McClellan vs. Cantrell, 217 F. 3d 890, 894 (7th Circuit 2000) ; Ryan, 408 B.R. at 157..

41. Defendant asserts that Plaintiff has not proved by a preponderance of the evidence that the elements of sections 523 (a)(2)(A) have been satisfied, and has therefore not sustained her burden of proof.

42. Defendant asserts that based upon the foregoing Plaintiff has not established that a fraud occurred.

43. Defendant asserts that based upon the foregoing Plaintiff has not established that Defendant owed Plaintiff any money that was due from her security deposit.

44. Defendant asserts that based upon the foregoing that Plaintiff has not established that the debtor intended to defraud the Plaintiff.

45. Defendant asserts that based upon the foregoing the Plaintiff has not established that this purported fraud created the debt that is the subject of the dischargeability dispute.

46. Plaintiff has not proven that the Defendant committed actual fraud against the Plaintiff, only that Defendant failed to notify Plaintiff where the $950.00 security deposit was being held and for failing to send an itemized list and cost to remove the debris from the living quarters of the Plaintiff, at her last known address.

47. The definition of fraud, denotes, surprise, trick, cunning, dissembling and any unfair way by which another is cheated. McClellan vs. Cantrell, 217 F. 3d 893 (7th Circuit 2000).

48. The facts in the instanter case of Charlene Hunter vs. Chiquita Hull does not reflect the definition of fraud, constructive or actual.

49. To reinterate, the denial of a discharge is a harsh remedy to be reserved for a truly pernicious debtor. Soft Sheet Products, Inc. vs. Johnson, 98 B.R. 359, 367 (Bankr. N.D. Ill. 1988).

WHEREFORE, Defendant prays that the Judgment be entered in favor of the Debtor in the ruling on Plaintiff's Complaint to Determine Dischargeability of Debt.

Jon Michelle Richardson,
Attorney for Defendant,
Chiquita D. Hull

Jon Michelle Richardson
Attorney for Debtor-Defendant, Chiquita D. Hull
332 South Michigan Avenue
Suite 121-J397
Chicago, Illinois 60604
jon@richardsonlawgroup.org (email)
708-623-3224 (telephone)
Attorney Code: 6183975

| American Land Title Association | ALTA Settlement Statement - Combined |
|---|---|
| | Adopted 05-01-2015 |

**File No./Escrow No.:** 180125000944
**Print Date & Time:** 05/07/18 11:08 AM
**Officer/Escrow Officer:**
**Settlement Location:** Dennis G. Kral
18100 South Harwood
Homewood, IL 60430

Attorneys Title Guaranty Fund, Inc.
**ALTA Universal ID:** 000927
One South Wacker Dr.
24th Floor

**Property Address:**
1729 E. 86th Street Chicago, IL 60617
1729 E. 86th Street
Chicago, IL 60617

**Buyer:**
Chiquita Hull
2039 N. Natchez Ave., #3N
Chicago, IL 60707

**Seller:**
Anthony Wright
1729 E. 86th St.
Chicago, IL 60617

**Lender:**
PNC Bank, N.A.

**Settlement Date:** 05/07/2018
**Disbursement Date:** 05/07/2018
**Additional dates per state requirements:**

| Seller Debit | Seller Credit | Description | Borrower/Buyer Debit | Borrower/Buyer Credit |
|---|---|---|---|---|
| | | **Financial** | | |
| | $280,000.00 | Sale Price of Property | $280,000.00 | |
| | | Deposit | | $1,000.00 |
| | | Loan Amount | | $274,928.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $3,657.91 | | County Property Tax from 07/01/2017 thru 12/31/2017 | | $3,657.91 |
| $2,366.88 | | County Property Tax from 01/01/2018 thru 05/07/2018 | | $2,366.88 |
| $1,548.39 | | Rent Credit | | $1,548.39 |
| $2,000.00 | | Security Deposits | | $2,000.00 |
| | | | | |
| | | **Loan Charges to PNC Bank, N.A.** | | |
| $8,400.00 | | Closing Cost Credit | | $8,400.00 |
| | | Prepaid Interest ($33.90 per day from 05/07/2018 to 06/01/2018) | $847.50 | |
| | | | | |
| | | **Other Loan Charges** | | |
| | | Appraisal Fee $635.00 Borrower-Paid Before Closing | | |
| | | Appraisal Fee to ServiceLink | $25.00 | |
| | | Credit Report Fee $31.00 Borrower-Paid Before Closing | | |
| | | FHA Mortgage Ins. Premium to Federal Housing Authority | $4,728.50 | |
| | | Flood Certification to ServiceLink National Flood | $5.00 | |
| | | Tax Service Fee $24.00 Paid by PNC Bank, N.A. | | |
| | | | | |

Copyright 2015 American Land Title
All rights reserved.

**EXHIBIT**
tabbies
**A**

Page 1 of 4

File # 180125000944
Printed on: 05/07/18 11:08 AM

# RENT ROLL

Property located at:     1729 E. 86th Street, Chicago, IL

| | Rent | Security Deposit | |
|---|---|---|---|
| Ida Mae Williams | $950.00 | $950.00 | Unit 3 |
| Charlene Carter | $1,050.00 | $1,050.00 | Unit 2 |

SELLER _____     Date: _____

BUYER: _____     Date: _____

From: **Junk King Site** no-reply@junk-king.com
Subject: Junk King Service Receipt JK2561042
Date: July 5, 2018 at 11:35 AM
To: chull@ow2realty.com



## *THANK YOU!*



Thank you for choosing Junk King for your junk removal needs, it's been our pleasure to serve you! If you have any questions, please call us at 1.888.888.JUNK (5865) or email us at callcenter@junk-king.com.

| | |
|---|---|
| Date: | 7/05/2018 |
| Name: | Chiquita Hull |
| Address: | 1729 E. 86th Street  Chicago, IL 60617 (APT 2/3) |
| Phone: | (312) 869-1887 |

Thanks again for your business.

The Junk King promise is to treat every customer like royalty. We would love to know more about your thoughts on our recent service. Your feedback is important to us as we've worked really hard to ensure you received the royal treatment. If you have a second, please give us a review.

Give a review

Junk King Chicago Downtown
3333 West Harrison Street
Chicago, IL 60624
(312) 827-2717


EXHIBIT

B

District 1

## Case Summary

### Case No. 20201109834

**IDA WILLIAMS -vs- CHIQUITA HULL, OW2 REALTY LLC**

| | |
|---|---|
| § | Location: **District 1** |
| § | Judicial Officer: **Courtroom, 1501** |
| § | Filed on: **06/19/2020** |
| § Cook County Attorney Number: | **38025** |
| § Cook County Attorney Number: | **63202** |
| § Cook County Attorney Number: | **99500** |
| § Cook County Attorney Number: | **38095** |

---

### Case Information

File Date  06/19/2020

**Cause of Action**      **Description/Remedy**
Ad Damnum                  Action
                           $3,800.00 Amount
                           Claimed

Case Type:  Statutory Action Complaint - Small Claims - Jury
Case Status:  **03/31/2022   Disposed**
Case Flags:  **Conversion Duplicate eFile Documents
Attached**

**Statistical Closures**
03/31/2022  Disposed

---

### Assignment Information

**Current Case Assignment**
Case Number       20201109834
Court             District 1
Date Assigned     06/19/2020
Judicial Officer  Courtroom, 1501

---

### Party Information

*Lead Attorneys*

**Plaintiff**  **WILLIAMS, IDA MAE**       **FENSTERMAKER, JOAN M**
               STREET NOT PROVIDED         *Retained*
               CITY NOT PROVIDED, IL 606010001   312-371-6473(W)
                                           312-371-6473(H)
                                           77 W WASHINGTON #1020
                                           CHICAGO, IL 60602

**Defendant**  **HULL, CHIQUITA**          **WOLFF LEGAL**
               STREET NOT PROVIDED         *Retained*
               CITY NOT PROVIDED, IL 606010001   312-733-3319(W)
                                           312-733-3319(H)
                                           900 JACKSON BLVD 5E
                                           CHICAGO, IL 60607

               **OW2 REALTY LLC**
               STREET NOT PROVIDED
               CITY NOT PROVIDED, IL 99999

---

### Events and Orders of the Court

05/08/2023    Notice Filed

**EXHIBIT**

**C**

E 1 OF 8

## Case Summary

### Case No. 20201109834

Notice of Citation Filed
Party:   Plaintiff WILLIAMS, IDA MAE

04/28/2023   Citation To Discover Assets Issued
Citation to Discover Assets to a Third Party
Party:   Plaintiff WILLIAMS, IDA MAE

03/16/2023   Order For Special Service-Allowed   (Judicial Officer: Morrissey, Thomas A.)
Party:   Plaintiff WILLIAMS, IDA MAE

03/16/2023   Alias Citation - Issued And Returnable
Citation to Discover Assets TO JUDGMENT DEBTOR
Party:   Plaintiff WILLIAMS, IDA MAE

03/15/2023   Motion Filed
EX PARTE Motion for Service by Special Order of Court
Party:   Plaintiff WILLIAMS, IDA MAE

01/10/2023   Citation To Discover Assets Issued
Citation to Discover Assets TO JUDGMENT DEBTOR
Party:   Plaintiff WILLIAMS, IDA MAE

06/08/2022   Notice Filed
Notice of Citation Filed

05/31/2022   Third Party Citation Issued and Returnable
Citation to Discover Assets to a Third Party

05/05/2022   Notice Filed
Notice of Citation - Williams IM

05/05/2022   Answer Filed

05/02/2022   Citation To Discover Assets Issued
Citation to Discover Assets to a Third Party

04/28/2022   Notice Of Change Of Office Filed
Notice of Change of Address - Williams IM

03/31/2022   Judgment For Plaintiff   (Judicial Officer: Simon, John A.)
$8,068.06
Party:   Attorney FENSTERMAKER, JOAN M;
Plaintiff WILLIAMS, IDA MAE
Party 2:   Attorney WOLFF LEGAL;
Defendant HULL, CHIQUITA;
Defendant OW2 REALTY LLC

03/31/2022   Assess Costs - Allowed -   (Judicial Officer: Simon, John A.)
$715.56-CARTER CHARLENE
Party:   Attorney FENSTERMAKER, JOAN M;
Plaintiff WILLIAMS, IDA MAE
Party 2:   Attorney WOLFF LEGAL;
Defendant HULL, CHIQUITA;
Defendant OW2 REALTY LLC

03/31/2022   **Continued Motions Call**   (2:00 PM)   (Judicial Officer: Simon, John A.)
Resource: Location CV1501 Court Room 1501
Resource: Location D1 Richard J Daley Center

District 1

## Case Summary

Case No. 20201109834

| | |
|---|---|
| 03/21/2022 | Petition Filed<br>*Fee Petition* |
| 03/09/2022 | Motion To - Continued - (Judicial Officer: Simon, John A.) |
| 03/09/2022 | Courtesy Copies Required - Allowed (Judicial Officer: Simon, John A.) |
| 03/09/2022 | Default - Allowed - (Judicial Officer: Simon, John A.)<br>Party: Defendant HULL, CHIQUITA |
| 03/09/2022 | **Motion Hearing** (10:00 AM) (Judicial Officer: Simon, John A.)<br>Resource: Location CV1501 Court Room 1501<br>Resource: Location D1 Richard J Daley Center |
| 02/25/2022 | **Progress Hearing** (9:30 AM) (Judicial Officer: Courtroom, 1501)<br>Resource: Location CV1501 Court Room 1501<br>Resource: Location D1 Richard J Daley Center |
| 02/24/2022 | Report Or Record Of Proceedings Filed<br>*Parties Initial Status Report* |
| 02/10/2022 | Motion Filed<br>*Motion to Withdraw as Attorney of Record* |
| 02/10/2022 | Notice Of Motion Filed<br>*NOM* |
| 02/09/2022 | Motion Filed<br>*Motion for Default* |
| 02/09/2022 | Notice Of Motion Filed<br>*Notice of Motion for Default* |
| 01/05/2022 | File Appearance Or Jury Demand, Answer Or Plead - Allowed - (Judicial Officer: Simon, John A.)<br>*Defendants answer*<br>Party: Attorney FENSTERMAKER, JOAN M;<br>Plaintiff WILLIAMS, IDA MAE<br>Party 2: Attorney WOLFF LEGAL;<br>Defendant HULL, CHIQUITA;<br>Defendant OW2 REALTY LLC |
| 01/05/2022 | Motion To - Allowed - (Judicial Officer: Simon, John A.)<br>*Defendants 10/18/2021 appearance will stand*<br>Party: Attorney FENSTERMAKER, JOAN M;<br>Plaintiff WILLIAMS, IDA MAE<br>Party 2: Attorney WOLFF LEGAL;<br>Defendant HULL, CHIQUITA;<br>Defendant OW2 REALTY LLC |
| 01/05/2022 | Strike Or Withdraw Motion Or Petition - Allowed - (Judicial Officer: Simon, John A.)<br>*01/05/2022 1501 0200*<br>Party: Attorney FENSTERMAKER, JOAN M;<br>Plaintiff WILLIAMS, IDA MAE<br>Party 2: Attorney WOLFF LEGAL;<br>Defendant HULL, CHIQUITA;<br>Defendant OW2 REALTY LLC |
| 01/05/2022 | Strike Or Withdraw Motion Or Petition - Allowed - (Judicial Officer: Simon, John A.)<br>*Def.motion to Quash*<br>Party: Attorney FENSTERMAKER, JOAN M;<br>Plaintiff WILLIAMS, IDA MAE<br>Party 2: Attorney WOLFF LEGAL; |

Printed on 04/02/2024 at 5:45 PM

## Case Summary

### Case No. 20201109834

Defendant HULL, CHIQUITA;
Defendant OW2 REALTY LLC

01/05/2022   **Continued Hearing**  (2:00 PM)  (Judicial Officer: Simon, John A.)
Resource: Location CV1501 Court Room 1501
Resource: Location D1 Richard J Daley Center

12/14/2021
Order For Special Service-Allowed    (Judicial Officer: McKenna, Scott D)
Party:  Plaintiff WILLIAMS, IDA MAE

12/14/2021   **Motion Hearing**  (10:30 AM)  (Judicial Officer: Simon, John A.)
Resource: Location CV1501 Court Room 1501
Resource: Location D1 Richard J Daley Center

11/29/2021   Notice Of Motion Filed
Party:  Plaintiff WILLIAMS, IDA MAE
Party 2:  Attorney FENSTERMAKER, JOAN M

11/29/2021   Motion Filed
Party:  Plaintiff WILLIAMS, IDA MAE
Party 2:  Attorney FENSTERMAKER, JOAN M

11/29/2021   Motion Scheduled
*Court Room: 1501 Court Time: 1030*
Date 2:  12/14/2021
Party:  Plaintiff WILLIAMS, IDA MAE
Party 2:  Attorney FENSTERMAKER, JOAN M

11/01/2021
Notice Of Filing Filed
Party:  Defendant HULL, CHIQUITA
Party 2:  Attorney WOLFF LEGAL

11/01/2021
Motion Filed
Party:  Defendant HULL, CHIQUITA
Party 2:  Attorney WOLFF LEGAL

10/22/2021
Appoint Special Deputy - Allowed -    (Judicial Officer: Brooks, Lloyd James)
*Litigant: 117001863*

10/22/2021
Case Set On Progress Call    (Judicial Officer: Brooks, Lloyd James)
*Court Room: 1501 Court Time: 930*
Date 2:  02/25/2022
Party:  Plaintiff WILLIAMS, IDA MAE

10/18/2021
Appearance Filed - Fee Paid -
*Filing Fee: $251.00*
Party:  Defendant HULL, CHIQUITA
Party 2:  Attorney WOLFF LEGAL

10/15/2021
Report Or Record Of Proceedings Filed
Party:  Plaintiff WILLIAMS, IDA MAE
Party 2:  Attorney FENSTERMAKER, JOAN M

10/14/2021
Default - Allowed -    (Judicial Officer: Simon, John A.)
Party:  Defendant OW2 REALTY LLC

10/14/2021
File Appearance Or Jury Demand, Answer Or Plead - Allowed -    (Judicial Officer: Simon, John A.)
Date 2:  11/12/2021
Party:  Defendant HULL, CHIQUITA

10/14/2021
Motion To - Allowed -    (Judicial Officer: Simon, John A.)

District 1

## Case Summary

### Case No. 20201109834

Party:  Plaintiff WILLIAMS, IDA MAE

| | |
|---|---|
| 10/14/2021 | Courtesy Copies Required - Allowed    (Judicial Officer: Simon, John A.)<br>*Date 2:  12/10/2021*<br>Party:  Plaintiff WILLIAMS, IDA MAE |
| 10/14/2021 | Motion To - Continued -    (Judicial Officer: Simon, John A.)<br>*Court Room: 1501 Court Time: 200*<br>*Date 2:  01/05/2022*<br>Party:  Plaintiff WILLIAMS, IDA MAE |
| 09/24/2021 | Notice Of Motion Filed<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 09/24/2021 | Motion Filed<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 09/24/2021 | Motion Scheduled<br>*Court Room: 1501 Court Time: 1030*<br>*Date 2:  10/14/2021*<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 07/27/2021 | Affidavit Of Service Filed<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 07/21/2021 | Affidavit Of Service Filed<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 07/09/2021 | Appoint Special Deputy - Allowed -    (Judicial Officer: Simon, John A.)<br>*Litigant: 115002035* |
| 07/09/2021 | Case Set On Progress Call    (Judicial Officer: Simon, John A.)<br>*Court Room: 1501 Court Time: 930*<br>*Date 2:  10/22/2021*<br>Party:  Plaintiff WILLIAMS, IDA MAE |
| 07/02/2021 | Report Or Record Of Proceedings Filed<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 07/01/2021 | Alias Summons Issued And Returnable<br>*Court Room: 1501 Filing Fee: $6.00*<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 07/01/2021 | Alias Summons Issued And Returnable<br>*Court Room: 1501 Filing Fee: $6.00*<br>Party:  Plaintiff WILLIAMS, IDA MAE<br>Party 2:  Attorney FENSTERMAKER, JOAN M |
| 03/26/2021 | Case Set On Progress Call    (Judicial Officer: Simon, John A.)<br>*Court Room: 1501 Court Time: 930*<br>*Date 2:  07/09/2021* |

District 1

## Case Summary

### Case No. 20201109834

Party:   Plaintiff WILLIAMS, IDA MAE

| | |
|---|---|
| 03/26/2021 | Vacate Any Or All Default Orders - Allowed -    (Judicial Officer: Simon, John A.) |
| | Party:   Plaintiff WILLIAMS, IDA MAE |

03/18/2021
Exhibits Filed
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

03/16/2021
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

03/16/2021
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

01/26/2021
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

01/26/2021
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

12/18/2020
Appoint Special Deputy - Allowed -    (Judicial Officer: McKenna, Scott D)
   *Litigant: 115002035*

12/18/2020
Case Set On Progress Call    (Judicial Officer: McKenna, Scott D)
   *Court Room: 1501 Court Time: 930*
   Date 2:   03/26/2021
   Party:   Plaintiff WILLIAMS, IDA MAE

12/11/2020
Exhibits Filed
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

10/29/2020
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

10/29/2020
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

09/16/2020
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*
   Party:   Plaintiff WILLIAMS, IDA MAE
   Party 2:   Attorney FENSTERMAKER, JOAN M

09/16/2020
Alias Summons Issued And Returnable
   *Court Room: 1501 Filing Fee: $6.00*

Printed on 04/02/2024 at 5:45 PM

## Case Summary

### Case No. 20201109834

> Party: Plaintiff WILLIAMS, IDA MAE
> Party 2: Attorney FENSTERMAKER, JOAN M

09/15/2020

Appoint Special Deputy - Allowed -    (Judicial Officer: Brooks, Lloyd James)
> Litigant: 115002035

09/15/2020

Case Set On Progress Call    (Judicial Officer: Brooks, Lloyd James)
> Court Room: 1501 Court Time: 930
> Date 2:  12/18/2020
> Party:  Plaintiff WILLIAMS, IDA MAE

09/11/2020

Memorandum Filed
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

09/04/2020

Motion Scheduled
> Court Room: 1501 Court Time: 1100
> Date 2:  09/25/2020
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

09/04/2020

Motion For Appointment Of Special Process Server Filed
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

08/25/2020

Summons Returned - N.S. Reason: No Contact
> Date Served:  08/25/2020
> Party:  Defendant HULL, CHIQUITA

08/24/2020

Summons Returned - N.S. Reason: Other Reason
> Date Served:  08/24/2020
> Party:  Defendant OW2 REALTY LLC

07/01/2020

Electronic Notice Sent
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

07/01/2020

Case Set On Status Call    (Judicial Officer: Schneider, Catherine)
> Litigant: HULL CHIQUITA Court Room: 1501 Court Time: 930
> Date 2:  09/21/2020

06/19/2020

Statutory Action Complaint Filed - Jury Demand
> Litigant: HULL CHIQUITA Court Room: 1501 Court Time: 930 Filing Fee: $391.50 Jury Code: 1
> Date 2:  09/02/2020
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

06/19/2020

Summons Issued And Returnable
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

06/19/2020

Summons Issued And Returnable
> Party:  Plaintiff WILLIAMS, IDA MAE
> Party 2:  Attorney FENSTERMAKER, JOAN M

06/19/2020

If Served, File An Appearance In Room 602 On Or Before ======>
> Date 2:  09/02/2020
> Party:  Defendant HULL, CHIQUITA

06/19/2020

If Served, File An Appearance In Room 602 On Or Before ======>

## Case Summary

**Case No. 20201109834**

Party:   Plaintiff WILLIAMS, IDA MAE

06/19/2020   If Served, File An Appearance In Room 602 On Or Before ======>
Party:   Plaintiff WILLIAMS, IDA MAE

06/19/2020   Return Date
Return Date:   09/02/2020

06/19/2020   New Case Filing

3/31/22 8.28 am

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, FIRST DISTRICT

IDA MAE WILLIAMS
    Plaintiff,

v.

CHIQUITA HULL and OW2 REALTY LLC
    Defendants.

Case No. 2020-M1-109834

### ORDER

THIS MATTER COMING to be heard for Prove up after Default, pursuant to prior Order of Court, due notice having been given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. On Count I of Plaintiff's Complaint, Judgment is entered in favor of Plaintiff IDA MAE WILLIAMS and jointly and severally against Defendants CHIQUITA HULL and OW2 REALTY LLC in the amount of $2,850.00 (which includes the return of Plaintiff's security deposit) pursuant to Section 5-12-080 of the RLTO;

2. On Count II of Plaintiff's Complaint, Judgment is entered in favor of Plaintiff IDA MAE WILLIAMS and jointly and severally against Defendants CHIQUITA HULL and OW2 REALTY LLC in the amount of $950.00 pursuant to Section 5-12-090 of the RLTO;

3. On Count III of Plaintiff's Complaint, Judgment is entered in favor of Plaintiff IDA MAE WILLIAMS against Defendants CHIQUITA HULL and OW2 REALTY LLC, but no additional damages are awarded, as such damages would be duplicative of those granted in Count I;

4. The hourly rates of Plaintiff's attorneys are found to be reasonable;

5. The individual time entries for which Plaintiff's attorneys seek compensation are found to be necessary and reasonable;

6. Judgment is granted in favor of Plaintiff IDA MAE WILLIAMS and jointly and severally against Defendants CHIQUITA HULL and OW2 REALTY LLC in the amount of $3,552.50 in attorney's fees and $715.56 in Court Costs; and

7. The total judgment is $8,068.06 _____. This is a final order.



**EXHIBIT**

**Page 1 of 2**

Dated:

E N T E R:_____

Judge                                    Judge's No.

Joan M. Fenstermaker
Nicholas Bailey
JOAN M. FENSTERMAKER, P.C.
77 W. Washington Street; Suite 1020
Chicago, Illinois 60602
(312) 371-6473
joanfenstermaker@gmail.com
Attorney No. 38025

Associate Judge John A. Simon

MAR 3 1 2022

Circuit Court - 2273

DocuSign Envelope ID: D5797B3B-6317-4BD2-B7D1-3751EBCFA670
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1501
System Generated Hearing Date: 2/25/2022 9:30 AM
Location: Court Room 1501
Judge: Courtroom, 1501

FILED DATE: 2/10/2022 1:28 PM  20201109834

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST MUNICIPAL DISTRICT**

#63202
FILED
2/10/2022 1:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20201109834

16660470

| | |
|---|---|
| Ida Mae Williams, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )     Case No. 2020 M1 109834 |
| | ) |
| **Chiquita Hull** *et al.*, | ) |
| | ) |
| Defendant, | ) |

<u>**VERIFIED AND UNOPPOSED MOTION TO WITHDRAW AS ATTORNEY OF RECORD**</u>

**NOW COME** the attorneys, **Wolff Legal** ("Petitioner"), as the attorneys of record for the Defendant, **Chiquita Hull** ("Hull"), and pursuant to Illinois Supreme Court Rule 13 it respectfully requests that this Honorable Court enter an order granting them leave to withdraw as the attorneys of record for Hull *instanter*. In support thereof, Petitioner states as follows:

**LEGAL STANDARD**

1. A lawyer may withdraw from representing a client if (i) withdrawal can be accomplished without material adverse effect on the interests of the client, (ii) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, and (iii) if other good cause for withdrawal exists. *See* Ill. Sup. Ct. R. Prof'l Conduct, R 1.16.

2. "An attorney may not withdraw his or her appearance for a party without leave of court and notice to all parties of record." *See* Ill. Sup. Ct., R 13(c)(2). "The motion for leave to withdraw shall be in writing and, unless another attorney is substituted, shall state the last known address(es) of the party represented." *Id.* § (c)(3).

3. "Unless another attorney is substituted, the attorney must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw, by personal service, certified mail, or a third-party carrier, directed to the party represented at the party's last known business or residence address." *Id.* § (c)(2). "Alternatively, the attorney may give such notice electronically, if receipt is

FILED DATE: 2/10/2022 1:28 PM   20201109834

acknowledged by the party." *Id.* "Such notice shall advise said party that to insure notice of any action in said cause, the party should retain other counsel therein or file with the clerk of the court, within 21 days after entry of the order of withdrawal, a supplementary appearance stating therein an address to which service of notices or other documents may be made." *Id.*

## ARGUMENT

1.   Hull retained Petitioner for legal representation through litigation in the above-captioned case. As of approximately February 1, 2022, Hull no longer desires Petitioner's litigation advocacy to defend and prosecute claims in this case. Petitioner therefore seeks leave to withdraw its appearance.

2.   Petitioner's withdrawal as attorney of record for Hull can be accomplished without any material adverse effects on her interests. This case is still at its inception and no answer or responsive pleading has been filed. More importantly, this motion is based on Hull's request.

3.   In compliance with Illinois Supreme Court Rule 13(c)(2), Wolff Legal gave Hull reasonable notice of the time and place of the presentation of this motion for leave to withdraw via electronic mail.

4.   By way of this motion and its notice of motion, Petitioner gave Hull notice and advised her that to insure notice of any action in this case, she should retain other counsel or file with the clerk of the court, within 21 days after entry of the order of withdrawal, a supplementary appearance stating therein an address to which service of notices or other documents may be made (*see* Ill. Sup. Ct., R 13(c)(2)). Furthermore, that in the case of Hull's failure to file such supplementary appearance, subsequent notices and filings shall be directed to her at her last known business or residence address (*see* Ill. Sup. Ct., R 13(c)(5)).

5.   Notably, Hull does not oppose this motion and has consented to the waiver of the 21-day period.

DocuSigned by:

_____
04B30E12DFA3413
Chiquita Hull

Feb 10, 2022
_____
Date

DocuSign Envelope ID: D5797830-6317-46D2-B7D1-37515BCEA870

FILED DATE: 2/10/2022 1:28 PM   2020110983

6.  In compliance with Illinois Supreme Court Rule 13(c)(3), Petitioner states that Hull's last

known address is: 1900 South Clark Street, Unit #408, Chicago, Illinois 60616.

## CONCLUSION

7.  For these reasons, Petitioner should be permitted to withdraw as attorney of record for Hull.

WHEREFORE, the attorneys, **Wolff Legal**, as and for the attorneys of record for Defendant,

**Chiquita Hull**, respectfully request that this Honorable Court enter an order granting them leave to

withdraw as the attorneys of record for Hull *instanter*.

Respectfully submitted,

**Wolff Legal,** *Petitioner*

*/s/ Mark A. Wolff*
Mark A. Wolff
Attorney for Defendant

**Attorney #: 63202**
Mark A. Wolff
Wolff Legal
900 W. Jackson Blvd., Ste. 5E
Chicago, Illinois 60607
Ph: (312) 733-3319 ♦ Fx: (312) 733-3001
mwolff@wolff-legal.com

---

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
undersigned certifies that the statements set forth in this instrument are true and correct, except as to
matters therein stated to be on information and belief and as to such matters the undersigned certifies
as aforesaid that he verily believes the same to be true. *See* 735 ILCS 5/1-109.

*/s/ Mark A. Wolff*
Wolff Legal, *Movant*
By: Mark A. Wolff